Filed 9/15/14  P. v. Contreras CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>PATRICK CONTRERAS,<br><br>    Defendant and Appellant. | B252269<br><br>(Los Angeles County<br>Super. Ct. No. BA385634) |

APPEAL from a judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Affirmed.

Maria Leftwich, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Respondent.

**INTRODUCTION**

In an information, the District Attorney of Los Angeles County charged defendant and appellant Patrick Contreras with two counts of chop shop operation (Veh. Code, § 10801), two counts of receiving stolen property—a vehicle—with a prior vehicle theft conviction (Pen. Code, § 666.5), insurance fraud (Pen. Code, § 550, subd. (b)(1)), and perjury by declaration (Pen. Code, § 118, subd. (a)).  Pursuant to a plea agreement, defendant pleaded no contest to one count of chop shop operation.  Under the plea agreement, defendant received a suspended high term sentence of four years in county

jail and was placed on probation for five years under various terms and conditions. The remaining counts were dismissed. Defendant entered a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 regarding restitution as to the remaining counts.

The trial court conducted a restitution hearing. Defendant moved to withdraw his plea based in part on his potential restitution liability for a destroyed Porsche.[1] The trial court denied the motion. Defendant filed a notice of appeal challenging the validity of his plea and requesting a certificate of probable cause as to the trial court's denial of his motion to withdraw his plea. The trial court granted the request for a certificate of probable cause.

On appeal, defendant's appointed counsel filed an opening brief in accordance with *People v. Wende* (1979) 25 Cal.3d 436 requesting that this court conduct an independent review of the record to determine if there are any arguable issues. On April 22, 2014, we gave notice to defendant that counsel had failed to find any arguable issues and that defendant had 30 days within which to submit by brief or letter any grounds of appeal, contentions, or arguments he wished this court to consider. Defendant did not file a responsive brief or letter. We affirm.

---

[1] The restitution hearing had not been completed at the time the trial court heard defendant's motion to withdraw his plea. The clerk's and reporter's transcripts on appeal do not reflect the resumed restitution hearing, if any. The record on appeal also does not reflect the ultimate restitution award, if any.

## BACKGROUND[2]

On November 2, 2010, Los Angeles Police Department Officer Francisco Serrano and his partner were near 4515 York Boulevard in Los Angeles. There, Officer Serrano saw a two-vehicle garage that was on fire. Defendant rented part of the garage. Officer Serrano approached a gate in front of the garage. Defendant walked away from the fire. Officer Serrano asked defendant if anyone was trapped inside of the garage. Defendant said, "No." Officer Serrano asked defendant if he had called the fire department. Defendant said, "Yes."

On November 3, 2010, Los Angeles Police Department Detective Lorenzo Barbosa went to the garage at 4515 York Boulevard as part of an investigation of a chop shop at that location. The garage had been destroyed by fire. Inside the garage, Detective Barbosa found, among other things, auto parts and the charred remains of a stolen 1999 Porsche Carrera. The front section of the Porsche had been cut off.

## DISCUSSION

We have examined the entire record and are satisfied that defendant's counsel has fully complied with her responsibilities and that no arguable issues exist. (*People v. Wende, supra,* 25 Cal.3d at p. 441.) Accordingly, we affirm the judgment.

---

**2** Because defendant pleaded no contest, we set forth facts from the preliminary hearing.

**DISPOSITION**

The judgment is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS.


MOSK, Acting P. J.


We concur:


KRIEGLER, J.


MINK, J.*

---

\*      Retired Judge of the Los Angeles Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.